Jimy Hu 286943
2249 Valley Blvd Ste 204
Pomona, CA 91768
Tel:    916-716-0376
Email: jdhujdhu@gmail.com
Attorney for: Charles "Chuck" Spurlock

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN JOAQUIN<br><br>　　Plaintiff,<br><br>v.<br><br>DAVID JOHNSON, et al,<br><br>　　Defendants. | Case No. 2:16-cv-00816-KJM-EFB<br><br>Removed from Superior Court of California, County of San Joaquin<br>Civil Action No. STR-CV-UJR-2016-2645<br><br>And related action<br>Civil Action No. STR-CV-UETT-2016-1708<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING: MOTION TO DISMISS, STRIKE OR AMEND COMPLAINT**<br><br>**[FRCP 12(b, e, f), FRCP 19]**<br><br>Hearing Date:   July 29, 2016<br>Hearing Time:   10:00am<br>Courtroom:      3 |

## BACKGROUND

Defendant Charles "Chuck" Spurlock ("Spurlock") submits this Memorandum of Points and Authorities in support of his Motion to Strike Plaintiff's Complaint ("Complaint"). The Complaint concerns the operations of Herman and Helen's Marina, a marina that has been operating in the San Joaquin Delta since 1935. Plaintiff seeks injunctive relief related to allegations of uncorrected violations of public policy arising during the course of the marina's operation. For purposes of Spurlock's Motion to Strike, the facts alleged in the Complaint and as

shown through judicial notice of public records[1] are treated as "true facts" - <u>Dent v. Cox Communs. Las Vegas, Inc.</u>, 502 F.3d 1141, 1143 (9th Cir. 2007), Fed Rules Evid R 201, R 901(b)(7).

The judicially-noticed facts shown in public records concern: (1) the geographic location and context of the "Subject Properties" in the Complaint, and (2) the incapacity of several of the named defendants.

The factual allegations in the Complaint arise from 11 separate notices ("Notices") issued by the County through its various agencies, the Community Development Department ("CDD") and the Environmental Health Department ("EHD") – Complaint, ECF #1 at Pages 14-39 therein.

1) February 20, 2014, CDD issued a Notice to Comply. *Id* at ¶39.
2) April 9, 2014, CDD issued another Notice to Comply. *Id* at ¶45.
3) March 11, 2015, CDD issued a Notice to Comply. *Id* at ¶62.
4) September 13, 2011, EHD issued a Notice of Violation. *Id* at ¶72.
5) September 13, 2011 inspection, EHD personnel also posted a mobile home with a notice to vacate, and posted the laundry room, commercial coach (which had been converted into a bathroom) and portable bathroom as unsafe to occupy. *Id* at ¶71.
6) September 21, 2011, EHD recorded a Notice of Violation. *Id* at ¶73.
7) January 12, 2012, EHD issued an Emergency Notification to Boil Water Order. *Id* at ¶76.
8) June 19, 2012, EHD issued a Notice to Abate; Id at ¶79. (cured, *Id* at ¶80.)
9) November 7, 2013, EHD issued a Notice and Order to Abate. Id at ¶82. (partially cured, *Id* at ¶83.)
10) May 12, 2015, EHD issued Waste Discharge/Spill Response Notice. *Id* at ¶87
11) September 3, 2015, EHD mailed a Waste Discharge/Spill Response Notice to Abate. *Id* at ¶97.

**REQUEST TO DISMISS THE COMPLAINT**

1. Plaintiff's Complaint fails to establish subject matter jurisdiction in the Courts without the

---

[1] See the the Request for Judicial Notice filed concurrently herewith.

joinder of essential required parties – FRCP 12(b)(1,7), 19

"Under Rule 19, a 'required party' must be joined as a party in an action if doing so is 'feasible.' Fed. R. Civ. P. 19.  Rule 19(a)(1) defines 'required party,' and establishes two broad categories of required parties. First, under Rule 19(a)(1)(A), a party is required if 'in that person's absence, the court cannot accord complete relief among existing parties.' " - <u>Ward v. Apple Inc.</u>, 791 F.3d 1041, 1048 (9th Cir. 2015).

The "Subject Parcels" in the Complaint consist of one parcel on the levee, and two parcels of submerged land under the "Delta waters" – Complaint at ¶¶ 3, 6, 8, See also [FN2][2].  The Complaint seeks injunctive relief requiring responsible defendants to abate certain alleged conditions at the subject property, and/or injunctive relief forbidding responsible defendants from continuing business operations at the subject properties – Plaintiff's "Non Opposition to Motion to Consolidate" ECF # 21 at Page 3 lines 15-16, see also "Prayer for relief" in Complaint at Pages 25-26 therein and Complaint at ¶¶ 109-110.

Such an injunction issued against Spurlock would require trespass on property owner by, and in the possession of parties not joined in the Complaint.  In the event this Court issues an injunction against Spurlock as requested by Plaintiff, Spurlock would be required to trespass onto land owned, in the possession of and/or operated by Delta Farms Reclamation District 2029 or Gary Farrar in order to obey the order.  In other words, Spurlock would be placed in the impossible position of either disobeying this Court's order and facing contempt of court or trespassing onto private property and facing fines and arrest.  This bizarre and improper result cannot be this Court's intention.

**Delta Farms Reclamation District 2029 is such a "required party"**

Delta Farms Reclamation District 2029 (hereinafter "RD2029") is a "required" party as defined in Rule 19.  RD2029 is the fee owner and owner in possession of the portion of the Subject Properties located on the levee – Complaint at ¶¶ 17, 36.72, 82, 83.  Although RD2029 had leased the levee portions of the Subject Property to defendant David Johnson, Johnson was

---

[2] See also Declaration of John Funderberg, Principal Planner with the San Joaquin County Community Development Department, at ¶3 (SJ-HH-0059, ECF #1 at page 45 therein)

1  evicted from that property in January of 2014 – *Id* at ¶36.  Further, the Complaint identifies that
2  the alleged violations have been cured, rendering, *ab inito*, ineffective and moot, any injunction
3  ordered by this Court - *Id* at ¶83.

4  To the extent that any of the alleged violations within the portion of the Subject Property
5  owned and in possession of RD2029 require an order of further abatement by this Court, such
6  order would require the subject defendants to trespass on the property of RD2029.

7  In addition, this Court also lacks subject matter jurisdiction over property not owned or
8  possessed by a party to this action.

9  Consequently, RD2029 must be joined with this action, or the Court must dismiss or strike
10 those portions of the complaint for violations found to be occurring on the property owned by and
11 in possession of RD2029.

## Gary Farrar is such a "required party"

13 Gary Farrar is also a "required" party as defined in Rule 19.  Farrar is a receiver appointed
14 by the Superior Court over the Subject Property – Complaint at ¶¶36, 40.  Farrar was Spurlock's
15 employer – Complaint at ¶¶36 FN2, 46.  Farrar is in possession of the portion of the Subject
16 Properties not owned by RD2029 – Complaint at ¶¶ 36.

17 To the extent that injunctive relief for any of the alleged violations within the portion of
18 the Subject Property in possession of Farrar require an order of further abatement by this Court,
19 such order would require the subject defendants to trespass on the property of Farrar.

20 In addition, this Court also lacks subject matter jurisdiction over property not possessed
21 by a party to this action.

22 Consequently, Farrar must be joined with this action, or the Court must dismiss or strike
23 those portions of the complaint for violations found to be occurring on the property owned by and
24 in possession of Farrar.

25 2. Plaintiff's Complaint is procedurally defective and fails to state a claim against Spurlock
26 "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant
27 may move for dismissal under Rule 12(b)(6)" - *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir.
28 2014).

4
**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING:**
**MOTION TO DISMISS, STRIKE OR AMEND COMPLAINT**

Not a single one of the 11 notices incorporated into the Complaint name Spurlock as a responsible party.

In bringing its Complaint against Spurlock, Plaintiff has deprived him of due process and administrative appeal afforded by applicable law.

"the enforcement agency **shall** notify in writing the owner of the real property involved and anyone known to be in possession of the parcel" (emphasis added) - SJC Ordinance § 8-5101.

"all known responsible persons **shall** be notified by registered or certified mail of the nature of the violation" (emphasis added)– SJC Ordinance §8-7005(a).

"Building Official or his authorized agent **shall** issue a Notice to Appear citation to the responsible party" (emphasis added) – SJC Ordinance § 8-7005(b).

"Every city, county, or city and county **shall** establish a process to hear and decide appeals of orders, decisions and determinations made by the enforcing agency relative to the application and interpretation of this code and other regulations governing use, maintenance and change of occupancy." (emphasis added) – California Code of Regulations, Title 24 (Building Standards Codes) § 1.8.8.

"the enforcement agency **shall** notify in writing the owner of the real property involved and anyone known to be in possession of the parcel" (emphasis added) – SJC Ordinance §8-5101(a).  Such notice is accompanied by a right of appeal "If the owner or anyone in possession objects to the enforcement agency's findings of a violation, the owner or person in possession may, within thirty (30) days of notification of the violation, file a written appeal to the Board of Supervisors." -- SJC Ordinance §8-5102.

Plaintiff did not follow these mandatory procedures.  Accordingly, Spurlock respectfully requests this Court dismiss the Complaint against him, in its entirety and with prejudice, in accordance with FRCP Rule 12(b)(6).

3. Plaintiff has not stated any cause of action as to Spurlock – FRCP 12(b)(6)

The Complaint alleges upon "information and belief" that Spurlock is the "manager" at the Subject Property and that he acted as an "agent" for some of the other named defendants, or that other defendants acted as "agents" for Spurlock -- Complaint at ¶8,

5

The Complaint does *not* allege that Spurlock is a principal or direct actor against whom the injunctive relief sought by the Plaintiff could be effective.  In other words, Plaintiff fails to provide any basis for naming Spurlock as a party whose conduct can be enjoined. As explained above, not a single one of the eleven Notices (of which Plaintiff's Complaint is based upon) issued by the County of San Joaquin named Spurlock as either a principal or other party with direct ability to abate or even influence any alleged violations. It remains wholly unclear what authority or control Spurlock has to act or not act, if an injunction was to be issued.

4. <u>The Complaint is vague and appears to be contradictory</u>

Plaintiff claims Spurlock is an agent, but the Complaint seeks injunctive relief treating Spurlock as a principal party.

It is blackletter law that:

- A principal can be held responsible for the acts of an agent, if a bona fide principal/agent relationship exists, and if the agent was acting in the scope of his/her employment. (California Civil Jury Instructions No. 3701).
- An agent can be individually responsible for acts that are "wrongful in their nature." (Civil Code section 2343).
- One who performs a mere favor for another without being subject to any legal duty of service and without assenting to right of control is not an agent, because the agency relationship rests upon mutual consent. (Hanks v. Carter & Higgins of Cal., Inc. (1967) 250 Cal.App.2d 156, 161 [58 Cal.Rptr. 190].)
- An agency must rest upon an agreement. (D'Acquisto v. Evola (1949) 90 Cal.App.2d 210, 213 [202 P.2d 596].)

As explained in the previous section, none of the eleven Notices sent by the County of San Joaquin for supposed violations at the marina asserted that Spurlock was acting as a principal with direct control over marina operations.  Further, the Complaint does not allege that Spurlock and any other defendant entered into a principal-agent relationship in regards to conduct Plaintiff now seeks to enjoin.  Finally, there is no explanation for how injunctive relief can be issued or enforced against a mere agent (assuming, *arguendo*, that Spurlock is an agent at all).

.
.

Plaintiff's vague and seemingly contradictory Complaint does not provide a meaningful way for Spurlock to mount a defense, as he cannot be clear what is being claimed against him.

5. <u>No other named defendant is an agent of Spurlock's</u>

In an abundance of caution, Spurlock again notes that neither the Complaint, nor any of the eleven Notices upon which it is based, alleges he is a principal party. As such, no other party can be treated as an agent of Spurlock's, and he cannot be held responsible in any way for their acts or omissions in regards to the marina.

## CONCLUSION

Defendant Charles "Chuck" Spurlock respectfully requests this Court to strike Plaintiff's Complaint in its entirety, or to dismiss it with prejudice, as it pertains to him.  This request is based on the aforementioned points and authorities, upon the pleadings and papers filed herein, and upon such other competent evidence and legal authorities as may be presented to the Court at the time of the hearing.

Dated: 25 May 2016

Respectfully submitted,
JIMY HU, SBN 286943
Attorney for Charles "Chuck" Spurlock

By: /s/ Jimy Hu
JIMY HU
Attorney for Charles "Chuck" Spurlock